Helen E. Burris, US Bankruptcy Judge
Before the Court for hearing are Motions to Convert the above captioned cases filed by Chandelle Property Owners Association ("POA").[1] Debtors CSC Developers, LLC ("CSC") and Chandelle Runway, LLC ("Runway") filed Objections.[2] Because these two cases are related, the Motions were heard jointly. Present at the hearing were Robert Cooper, counsel for CSC and Runway, Robert Wood, counsel for the POA, and Stokely Holder, counsel for individuals that have filed claims in these cases ("individual claimants").[3] The Court received documentary evidence and heard testimony from Steven Griffin (appraiser), Billy Isreal (president of the POA), Dale Ellis (a property owner within *291 the Chandelle subdivision and claimant), John Stewart and Douglas Cobb (principals of the CSC and Runway).
The parties agree that cause exists to dismiss or convert the cases; however, they disagree as to the choice between the two.
FINDINGS OF FACT
Many details of the factual and procedural background of these cases are set forth in the Order denying Motions to Enforce Settlement and are incorporated herein by reference.[4]
The above captioned cases are related because CSC is the developer of a residential subdivision in Spartanburg County and Runway is the record owner of the airpark runway located within that subdivision. Prepetition, Runway generated no income and CSC paid all of Runway's expenses for maintenance and repair of the runway. CSC, Runway, Cobb, Stewart, the POA, various individual claimants and property owners within the Chandelle subdivision were involved in prepetition state court litigation pending in Spartanburg County, captioned Chandelle Property Owners Association v. CSC Developers, Chandelle Runway, LLC, et. al. C/A No. 2016-CP-42-01854.[5] The dispute has been described as a "quiet title action," seeking declaratory relief and damages and involving issues of improperly recorded restrictive covenants and turnover and maintenance of common areas.
Before the state court litigation concluded, CSC and Runway brought the disputes to the bankruptcy court by filing Chapter 11 cases on April 23, 2018. As a result of the disputes, the individual claimants have filed claims against the bankruptcy estates of both debtors. Plans and disclosure statements were filed on October 22, 2018. Hearings to consider their approval and confirmation were continued several times while the parties negotiated a settlement of their underlying disputes. They were eventually withdrawn at the hearing on March 26, 2019, and no further plans or disclosure statements are pending. Monthly reports show little, if any, operating activity in the cases.
CSC's Schedules and Statements list ownership of 8 unimproved parcels of real estate valued thereon at $110,625.00.[6] Griffin testified that CSC's real property, after making certain assumptions about marketability, has a far higher value and presented an appraised value of $1,012,000.00. There is no evidence of any perfected liens that encumber the property.
Runway's Schedules and Statements list ownership of a 12.08-acre tract, which forms the airpark runway, with a value of $180,900.00. The schedules list no liens on this property.
CSC's scheduled creditors include the individual claimants and other individuals described as "Homeowner or Land Owner in Subdivision" with debt amounts listed at *292 $0.00. The POA is also scheduled with a debt amount of $0.00. CSC's total scheduled debt of $533,453.00 consists of claims by Cobb and Nicole Cobb, Gordon Zuber Estate, and Stewart, for debt described as "Partner's Capital," as well as legal fees owed to Bannister, Wyatt & Stalvey, LLC. Only the POA and the individual claimants filed claims against CSC. The POA's claim is filed in the amount of $10,000,000.00, and the individual claimants' unsecured claims each range from $950,000.00 to $982,000.00, for total claims of $14,829,000.00.
Runway's scheduled creditors also include the individual claimants, the same individual "Homeowner or Land Owner in Subdivision," and the POA, all with debt amounts listed at $0.00. Runway's total scheduled debt of $530,453.00 consists of the same scheduled claims by Cobb and Nicole Cobb, Gordon Zuber Estate, and Stewart, for debt described as "Partner's Capital," even though Runway is owned only by Stewart, Cobb, and Nicole Cobb. Only the POA and the individual claimants filed claims against Runway, which are identical to those filed against CSC.
Runway and CSC have not objected to any claims, but at the hearing counsel questioned the amount and validity of claims filed.
The individual claimants all filed Responses supporting conversion of the CSC and Runway cases to Chapter 7. The day before the hearing, counsel for CSC and Runway placed on the record several identical Responses in support of CSC and Runway's requests to dismiss these cases rather than convert to Chapter 7. These Responses were filed by Charlie and Janice Allison, Doug Armstrong, Warren G. Johnson, Jane Van Wieren as trustee, and John and Ruth Payne. All of these individuals are named parties in the state court litigation and are included on CSC and Runway's Schedules with claim amounts of "0.00." None of these individuals were present at the hearing on this matter and they have not filed claims.
Despite arguments made at the hearing, this is not a "two party" dispute. Evidence of this is found in the caption to the state court litigation naming numerous parties, the fact that two separate bankruptcy cases are involved, there are numerous debts listed and claims filed by creditors in the cases, and the fact that some parties to the underlying dispute appear to disagree with the actions and positions of the POA. In fact, counsel for CSC and Runway attempted to show that the disagreements between the POA and other homeowners recently escalated to the level of physical threats.
Despite pre-petition litigation in state court, and after several attempts to settle the parties' differences during the Chapter 11 proceedings and an unsuccessful mediation, the various factions have been unable to resolve the disputes and presented no practical non-bankruptcy plan for doing so going forward.
DISCUSSION AND CONCLUSIONS
The Court's analysis here is simple. Section 1112(b)(1) of the Bankruptcy Code provides that a debtor's case may be dismissed or converted - "whichever is in the best interests of creditors and the estate" - for "cause." The parties agree that cause exist to convert or dismiss. Therefore, the Court must decide which is in the best interest of creditors and the estate. Conversion is the best choice here.
CSC and Runway own unencumbered property available for liquidation and distribution. Creditors have filed significant claims against the estates in addition to other debts scheduled by CSC and Runway. All creditors that have filed claims support conversion over dismissal. CSC and Runway brought these disputes from state court to this Court over one year ago, and this Court has heard considerable *293 evidence during that time. CSC and Runway have been afforded the opportunity to attempt to reorganize or resolve disputes with creditors as debtors-in-possession and have failed to do so. They also have not shown the Court any viable plan to do so going forward outside of bankruptcy.
A neutral trustee and the structure of bankruptcy can carry the cases forward. A trustee can review the assets, market property if appropriate, and pursue any additional causes of action to pay claims. A trustee may also, if a purpose would be served, analyze the validity of claims and challenge them if appropriate.
For all these reasons, conversion to Chapter 7 is in the best interest of creditors and of the estate. No other viable path to benefit creditors or the estate is evident from the record. Therefore, the Motions to Convert are hereby granted and any pending requests to dismiss are denied . A separate order converting each case will be entered.
AND IT IS SO ORDERED.

ECF No. 74, C/A No. 18-02053-hb; ECF No. 86, C/A No. 18-02054-hb

ECF No. 79, C/A No. 18-02053-hb; ECF No. 90, C/A No. 18-02054-hb. On June 19, 2019, CSC and Runway also filed Motions to Dismiss. See ECF No. 80, C/A No. 18-2053-hb; ECF No. 91, C/A No. 18-2054-hb.

The individual claimants are Dale Ellis, Lynn Fleming, Bruce R. Goldberg, Billy J. Isreal, and Stuart Swanson. They each filed Responses in support of the POA's request to convert. See ECF Nos. 83-87, C/A No. 18-02053-hb; ECF Nos. 94-98, 100, C/A No. 18-02054-hb. Other parties were present in the courtroom but did not actively participate unless stated herein.

ECF No. 73, C/A No. 18-2053-hb; ECF No. 85, C/A No. 18-2054-hb.

The complete caption is Chandelle Property Owners Association v. CSC Developers, LLC, Chandelle Runway, LLC, 331 South, LLC, Charlie M. Allison, Janice H. Allison, James Douglas Armstrong, Jane Armstrong, Marilyn N. Berry, Stephen Berry, James P. Brockman, Sr., Douglas E. Cobb, Nicole Cobb, Kenneth L. Galloway, Molly C. Galloway, Warren Johnson, Rhonda Johnson, Lawrence E. Lewis, Barbara L. Lewis, John K. Payne, Ruth G. Payne, John R. Stewart, Jr., Angela Tanner, Helmut Tuemmel, Silvia L. Tuemmel, Jane Van Wieren as trustee of the Greer R.G. Irrevocable Property Trust, dated October 25, 2006, Martin Tuemmel, Raymond M. Clark, Jr., and also all other persons unknown, claiming any right, title, estate, interest in or lien upon the real estate described in the complaint herein.

The Schedules also include personal property consisting of a checking account, accounts receivable and a mowing tractor, with a collective value of $87,407.00